IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWON MANNING, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE #1, JOHN DOE #2, KARL R. BRADFORD, DARREN GALLOWAY, RYAN KILDUFF, and LATOYA HUGHES, <br><br> Defendants. | Case No. 24-cv-1719-NJR |

# MEMORANDUM AND ORDER

**ROSENTENGEL, Chief Judge:**

Plaintiff Antwon Manning, an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Manning alleges that he was issued a false disciplinary ticket and found guilty in retaliation for a previous lawsuit.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Manning makes the following allegations: On January 24, 2024, Manning was sent to segregation after being found outside of his cell during the wrong dayroom (Doc. 1, p. 12). Correctional Officer ("C/O") Glover (identified also as John Doe #1) issued Manning a ticket for dangerous disturbance, damage or misuse of property, and disobeying a direct order essential to the safety and security of the institution (*Id.*).

Fourteen days after receiving the ticket, Manning appeared before Lieutenant Karl R. Bradford and Laresha D. Reed for a disciplinary hearing (*Id.*). Manning alleges that he previously filed a lawsuit against Bradford regarding his handling of a disciplinary ticket (*Id.*). Manning had the earlier ticket overturned through the grievance process.

At the hearing, Manning pled not guilty. Manning argued that although the allegations in the ticket were correct, he believed the charges did not fit his actions and were "trumped" up (*Id.* at pp. 12-13). Despite Manning's defense, Bradford found him guilty of the charges, and Manning received 14 days in segregation and one month C-Grade (*Id.* at p. 13). Manning was sent back to general population because he had already spent 14 days in segregation (*Id.*).

Approximately three days after the hearing, Manning filed a grievance regarding the ticket. He did not have a copy of the hearing summary at the time he filed the grievance. Manning received a response to his grievance from Grievance Officer John Doe #2 indicating that his disciplinary hearing had not yet occurred (*Id.* at p. 13). Warden Galloway concurred with the finding, and Manning appealed the grievance to Springfield (*Id.*). Galloway had previously approved the disciplinary ticket and failed to

take notice of Bradford's improper actions. The Administrative Review Board ("ARB") denied his ticket, noting that there was no record of the ticket. ARB member Ryan Kilduff and Director Latoya Hughes signed off on the denial (*Id*. at pp. 13-14).

Manning alleges that C/O Glover "abused his discretion" and issued false charges against Manning in order to send him to segregation. If Manning had received charges that lined up with his actual misconduct, he would have stayed in general population because the charges did not carry segregation time (*Id*. at p. 14). Manning alleges that he wrongly spent 14 days in segregation and suffered from hunger pains (*Id*.). Manning alleges that Bradford found Manning guilty of the false charges in retaliation for the lawsuit Manning filed against him.

Manning also alleges that the unknown grievance officer ("John Doe #2") failed to properly investigate the grievance and may have aided in a coverup (*Id*. at pp. 15-16). Manning alleges the grievance officer should have known there was something not right about the disciplinary ticket. He alleges the grievance officer should have known that Manning had already appeared for his disciplinary hearing because Manning was back in general population (*Id*. at p. 16). Manning similarly alleges that Warden Darren Galloway, Ryan Kilduff, and Latoya Hughes failed to properly investigate the grievance (*Id*. at pp. 16-23).

Manning also believes that the disciplinary ticket went to Galloway for his signature, and he allowed the ticket to stand because he was also previously named in a lawsuit by Manning (*Id*. at p. 17). Manning believes Galloway was part of a "coverup" to cause the hearing paperwork to disappear. Manning also alleges that Galloway violated

his due process rights by signing off on a false disciplinary ticket (*Id*.). Manning alleges that he believes Kilduff denied his grievance and failed to investigate in retaliation for Manning's lawsuit against him for a previous ruling on a grievance. Manning alleges Kilduff denied the grievance regarding his disciplinary ticket approximately ten days after Manning's lawsuit was filed (*Id*. at p. 21).

## **Preliminary Dismissals**

Manning fails to state a claim against C/O Glover ("John Doe #1") for issuing a false disciplinary ticket. Although Manning alleges Glover "abused his discretion" and caused "pain and suffering" by not adequately tying Manning's actions to his charges, the receipt of a false disciplinary ticket on its own does not amount to a due process violation. *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd, 70 F.3d 117 (7th Cir. 1995) (citations omitted); *see also Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). Manning states only in conclusory fashion that Glover's actions were an abuse of discretion or amounted to negligence, but his conclusory statements do not state a claim. Manning also does not adequately allege that Glover's actions violated any other constitutional right. Thus, any claim against Glover is **DISMISSED without prejudice**. To the extent he alleges that the other defendants also committed negligence or abused their discretion, Manning also fails to state a claim.

Manning also fails to state a due process claim against any of the defendants. Due process safeguards that are associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and

4

present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). In addition, the decision of the adjustment committee must be supported by "some evidence." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007).

But an inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A short stay in segregation, by itself, does not typically amount to an atypical and significant hardship. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Thomas v. Ramos*, 130 F.3d 754, 761-62 (7th Cir. 1997) (two months not enough on its own); *Williams v. Brown*, 849 F. App'x 154, 157 (7th Cir. 2021) (noting that 30 days is not enough); *Beamon v. Pollard*, 711 F. App'x 794, 795 (7th Cir. 2018) (135 days in segregation, absent any atypical and significant conditions, "does not violate the Fourteenth Amendment"); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (90 days in segregation did not state a claim). Here, Manning spent only 14 days in segregation, and he fails to include any allegations regarding the conditions he faced. He only states that he was hungry because he could not access the commissary. His short stay does not amount to an atypical and significant hardship. Thus, Manning fails to state a due process claim.

Manning also fails to state a claim against the grievance officials to the extent they simply denied, or failed to properly investigate, the grievance. Manning alleges that the unknown grievance officer ("John Doe #2"), Darren Galloway, Kilduff, and Latoya

Hughes failed to properly investigate his grievance. He alleges that they failed to review camera footage or review the records that would have shown that he was issued a disciplinary ticket and attended a disciplinary hearing. But the mishandling or a denial of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008). Thus, to the extent that Manning alleges the grievance officials are liable for simply failing to properly investigate his grievance, he fails to state a claim. Manning alleges that John Doe #2 and Latoya Hughes committed negligence, abused their discretion, interfered with Manning's access to the grievance process, and committed due process violations in denying his grievance. Because none of those allegations states a claim, any claim against John Doe #2 and Latoya Hughes is also **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** First Amendment retaliation claim against Karl R. Bradford, Darren Galloway, and Ryan Kilduff for issuing a false disciplinary ticket and upholding it through the grievance process in retaliation for Manning filing a lawsuit.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Manning states a viable claim against Karl R. Bradford, Darren Galloway, and Ryan Kilduff for their alleged retaliation. *Hawkins v. Mitchell,* 756 F.3d 983, 996 (7th Cir. 2014) (In order to state a retaliation claim, a plaintiff must allege that he engaged in protected activity, "suffered a deprivation likely to deter such activity," and the "First Amendment activity was at least a motivating factor in the decision to impose the deprivation."). Manning alleges that he filed a lawsuit against Bradford, Galloway, and Kilduff for a previous disciplinary ticket. After filing the lawsuit, Bradford found him guilty of the ticket, despite the charges failing to match Manning's wrongful activity. He also alleges that Galloway and Kilduff denied Manning's grievance, noting that there was no disciplinary ticket on file when Manning received a disciplinary ticket and hearing. Galloway also approved the original ticket. Galloway and Kilduff also failed to investigate the ticket or even acknowledge that Manning had received and had a hearing on the ticket, actions Manning attributes to the defendants' attempts to retaliate for the pending lawsuit against them. Thus, Count 1 shall proceed against Bradford, Galloway, and Kilduff.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Pending Motions

As to Manning's motion for counsel (Doc. 3), he notes that the case is complicated and he struggles with finding case law. But Manning fails to indicate whether he has made any attempts to obtain counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (It is a threshold question whether "the indigent plaintiff made a reasonable attempt to obtain counsel" on his own). Further, given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[2] Further, counsel is not needed at this time because Defendants have not filed an Answer, and nothing is pending that would require the assistance of counsel. Thus, Manning's motion for counsel is **DENIED**. To the extent Manning chooses to seek the recruitment of counsel at a later date, he is directed to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**Disposition**

For the reasons stated above, Count 1 shall proceed against Karl R. Bradford, Darren Galloway, and Ryan Kilduff. Any potential claim against John Doe #1, John Doe #2, and Latoya Hughes is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Karl R. Bradford, Darren Galloway, and Ryan Kilduff: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Manning. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Manning, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Manning, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Manning is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  September 24, 2024

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**